UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JUNIOR ALCANTARA-GONZALEZ,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX, et al.,<br>Respondents. | Case No. 1:26-cv-07424-JLT-EPG<br>A-Number: 245-496-395<br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br>(Doc. 1.) |

David Junior Alcantara-Gonzalez is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. 6.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from the Dominican Republic. He entered the United States without inspection in November 2023 and was encountered by border patrol shortly thereafter. (Doc. 9-3 at 4.) Petitioner was provided with a Notice to Appear, charging him as removable pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act and released on recognizance due to a lack of space. (*Id.*); *see also* 9-2.) In June 2026, ICE received notification that Petitioner is a

fugitive wanted in the Dominican Republic. (Doc. 9-2 at 4.) Petitioner's Form I-213 provided the following background information:

> A review of the indices and systems identified that the First Court of Investigation of the Judicial District of Peravia, Dominican Republic, declared ALACANTARA in a state of rebellion (fugitive) for failing to appear despite being legally summoned. The court ordered his arrest, prohibition from leaving the country, and publication of ALACANTARA'S personal data in the media to aid in his location and arrest. The prosecution requested that Deivi Soto (also known as David Junior Alacantara Gonzalez) be declared in contempt (fugitive) and that his arrest be ordered. The judge declared ALCANTARA in contempt and continued the hearing…The prosecution accused ALCANTARA of participating in the arson of a vehicle by breaking the car window and setting it on fire with a flammable substance. Criminal charges relating to this case have been filed in the West Roxbury Division of the Boston Municipal Court (Docket 2506CR000022). ALCANTARA has been arraigned for threats to commit a crime, in violation of MGL Chapter 275, Section 2. That charge is currently open…

(Doc. 9-3 at 4.) Records also linked Petitioner to the Trinitarios Security Threat Group gang. (*Id.*) On June 19, 2026, following multiple unsuccessful attempts to locate Petitioner elsewhere, ICE located and arrested Petitioner following a hearing in Massachusetts state court. (*Id.*) Petitioner was arrested pursuant to a warrant, and his prior release on recognizance was cancelled due to the previously unknown information related to Petitioner's fugitive status. (*Id.*) Petitioner is detained at the Central Valley Annex Detention Facility in McFarland, California. (Doc. 1 at 1.)

On September 14, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 6.) On October 6, 2026, Respondents filed an opposition, arguing that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and the only available relief he should be granted is a custody redetermination hearing pursuant to 8 U.S.C. §1226(a).

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), the Court finds that § 1226(a) governs Petitioner's detention. Contrary to Respondents' assertions, because Petitioner was previously released on recognizance and developed a protected liberty interest while living freely in the United States for the past three years, he is entitled to heightened due process protections. *See J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Nevertheless, that is not the end of the inquiry. The Court finds that Respondents may well have a legitimate interest in Petitioner's detention status as a fugitive and potential foreign gang affiliations.[1] "That Petitioner was not charged does not mean that the events did not occur, and the Immigration Judge may consider them in determining whether and under what conditions to set bond. It is for this reason that while release is often appropriate when the Government has failed to provide a pre-deprivation hearing, balancing the equities and the public interests in this case leads the Court to conclude that it is sufficient to provide Petitioner a post-depravation bond hearing . . ." *Singh v. Chestnut*, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *4 (E.D. Cal. Feb. 2, 2026); *see also Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025) ("If Respondent's view of the facts is correct, it is at least

---

[1] In a supplemental filing, Petitioner attached a copy of a letter from the Attorney General's Office of the Dominican Republic that show no criminal records under the name "DAVID JUNIOR ALCANTARA GONZALEZ." (Doc. 10 at 7.) An immigration judge is best suited to make factual findings in Petitioner's case, given that there are allegations on the record that he also operated under a different name.

arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated her flight.") Notably, a criminal conviction is not required before a releasee may be found to be in violation of the terms of his supervision. The Court finds that the appropriate remedy here is a post-deprivation bond hearing where the government bears the burden of proving that Petitioner poses a danger to the community or flight risk. For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus, (Doc. 1), is **GRANTED IN PART** for the reasons stated in the orders cited above.

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *Id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. **At least 72 hours before** the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and she **SHALL** be entitled to appear at the hearing. If her counsel has filed an appearance in the immigration proceedings, **at least 72 hours before** the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

5. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center in Bakersfield, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _October 21, 2026_

UNITED STATES DISTRICT JUDGE